Christopher Santos,

Plaintiff,

versus

Michael D. Hecht,

Defendant.

─────────────────

MEMORANDUM AND ORDER
July 31, 2006

─────────────────

Joseph F. Bianco, District Judge:

Plaintiff Christopher Santos brings this unfair competition and trademark infringement case against Michael D. Hecht, alleging Hecht is manufacturing, selling, and distributing clothing that infringes on Santos' "XX" trademark. Hecht moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint based on res judicata because of a prior decision of the Trademark Trial and Appeal Board ("TTAB") granting a default judgment against Santos. For the reasons that follow, the motion is denied.

I. Background

A. The Facts

Santos is the owner of the trademark "XX" (the "Mark") for use in connection with clothing goods including shirts, shorts, and hats.[1] (Compl. ¶ 8.) The complaint alleges that Santos has continuously manufactured, distributed, and sold his clothing goods under the Mark since at least as early as April 26, 2003. (*Id.*) These goods are sold throughout the United States. (*Id.* ¶ 9.) Santos is the owner of United States Trademark Application Serial No. 78/819,446, for the Mark. (*Id.* ¶ 10.)

───────────

[1] The facts are drawn primarily from plaintiff's complaint and supporting materials, including filings and orders from the underlying TTAB proceeding. Although these documents are not attached to the complaint, neither party objects to their authenticity. Thus, the Court takes judicial notice of the underlying records of the TTAB proceeding, attached to defendant's motion papers as exhibits A - O. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); Fed. R. Evid. 201(d). The facts are construed in a light most favorable to plaintiff, the non-moving party.

The complaint alleges that Hecht has used a confusingly similar "XX" mark in connection with clothing goods. (*Id.* ¶ 13.) Defendant has applied to register his "XX" mark with the United States Patent and Trademark Office (the "Trademark Office") and currently owns a pending application, Serial No. 78/435,436, which claims a date of first use of January 1, 2004. (*Id.* ¶ 14.)

Thereafter, Hecht filed a petition with the TTAB to cancel Santos' Mark, alleging that Santos "no longer uses the Mark, is no longer in business, and has intentionally abandoned the Mark." (TTAB Pet. for Cancellation ¶ 1.) On February 18, 2005, the TTAB mailed a notice of the petition to Santos. (Def.'s Ex. E.) On or about April 4, 2005, Hecht filed a Request for Entry of Default judgment against Santos. (*Id.* Ex. F.) On May 23, 2005, the TTAB mailed Santos a notice of entry of default that provided Santos "thirty days from the mailing date of this order to show cause why judgment by default should not be entered" against him. (*Id.* Ex. G.)

At some point thereafter, Santos, who was not represented by counsel, wrote a letter to the TTAB requesting "time (30 - 90) days to gather the notices and the necessary information to answer . . . . Your help is much appreciated as to this trademark is my life and my company and I can't loose [sic] it." (*Id.* Ex. H.) The TTAB never granted, or denied, Santos' request for additional time. Rather, on September 13, 2005, the TTAB ordered judgment against Santos and ordered that the Mark be cancelled. (*Id.* Ex. J.)

On October 13, 2005, Santos filed a motion for relief from final judgment. (*Id.* Ex. K.) On November 18, 2005, the Mark was cancelled. (*Id.* Ex. L.) On February 16, 2006, the TTAB denied Santos' motion for relief. (*Id.* Ex. N.) On April 17, 2006, Santos filed an appeal with the Court of Appeals for the Federal Circuit, and that appeal is pending.

B. THE INSTANT ACTION

Plaintiff filed the complaint in this case on February 23, 2006, alleging defendant violated the law of unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and New York common law trademark infringement. On July 14, 2006, defendant moved to dismiss the complaint, contending that the TTAB's default judgment decision bars plaintiff from pursuing this action.

II. DISCUSSION

A. MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weixel*, 287 F.3d at 145 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.,* 425 F.3d 99, 106 (2d Cir. 2005).

2

B. APPLICATION

Defendant argues that the TTAB default judgment precludes this action. This argument is rejected for several reasons.

First, as plaintiff's counsel articulated both in its pre-motion conference letter, and in his opposition brief, the Second Circuit and numerous other courts have repeatedly held that there is no res judicata effect of a cancellation proceeding, such as the TTAB proceeding here, on a subsequent federal lawsuit alleging unfair competition and trademark infringement. *See Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729, 736 (2d Cir. 1991); *Flavor Corp. of America v. Kemin Indus., Inc.*, 493 F.2d 275, 279 (8th Cir. 1974); *Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200 (D.N.J. 1993); *Am. Angus Assoc. v. Sysco Corp.*, 836 F. Supp. 200, 214 (W.D.N.C. 1993); *West Indian Sea Island Cotton Assoc. Inc. v. Threadtex, Inc.*, 761 F. Supp. 1041, 1053 (S.D.N.Y. 1991); *Irving-Cloud Pub. Co. v. Chilton Co.*, 463 F. Supp. 476, 479 (E.D. Pa. 1978); *Save the Children Fed'n v. Larry Jones Int'l Ministries*, 1996 WL 302694 (D. Conn. 1996) (finding that *Tonka* is consistent with Second Circuit law).

"Res judicata, or claim preclusion, prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989). A cancellation proceeding before the TTAB does not involve the same claims as an action alleging unfair competition and trademark infringement. *See Jim Beam Brands Co.*, 937 F.2d at 734 (holding that "the issue of likelihood of confusion in a cancellation proceeding may be different from the issue of likelihood of confusion in an action for infringement"); *West Indian Sea Island Cotton*, 761 F. Supp. at 1053. Accordingly, the doctrine of res judicata does not apply to preclude plaintiff's claims in this action.

Second, the relief plaintiff seeks in this action was not available to plaintiff in the TTAB case. Plaintiff seeks, *inter alia*, injunctive relief, and this relief could not have been granted in the TTAB action. *See Jim Beam Brands*, 937 F.2d at 736. Hence, for this additional reason, res judicata does not apply to plaintiff's claims in this case.

Third, collateral estoppel would only apply to issues decided on the *merits* by the TTAB. As the court held in *West Indian Sea Island Cotton*, "in light of the fact that the TTAB granted defendant[] a default based on plaintiff's failure to answer . . . no issues in the instant action were actually decided, and thus the doctrine of collateral estoppel is inapplicable." 761 F. Supp. at 1053 (citing cases); *see also Jim Beam Brands Co.*, 937 F.2d at 734 ("If an issue was not actually decided in a prior proceeding, or if its decision was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel."). Hecht made the strategic decision to strongly oppose Santos getting relief from the default judgment in the TTAB proceeding, and successfully persuaded the TTAB to deny Santos the opportunity to litigate the case on the merits. Hecht cannot now come to this Court and seek the benefit of collateral estoppel against Santos. *See Jim Beam Brands Co.*, 937 F.2d at 734. Indeed, because the TTAB proceeding was not decided on the merits, collateral estoppel is inapplicable to this case. *Id.*; *West Indian Sea Island Cotton*, 761 F. Supp. at 1053.

3

In sum, there is no support from the case law addressing facts remarkably similar to this case for either res judicata or collateral estoppel to bar plaintiff's claims in this case based on the default judgment granted against plaintiff in the TTAB proceeding. Thus, defendant's motion to dismiss is denied.[2]

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED. Defendant is directed to file an answer within ten days, and the parties are directed to proceed with discovery in accordance with the direction of Chief Magistrate Judge Orenstein.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 31, 2006
Central Islip, NY

\* \* \*

Plaintiff is represented by Adam P. Friedman, Esq., and Ronald L. Israel, Esq, Wolff & Samson PC, 140 Broadway, 46th Floor, New York, New York 10005. Defendant is represented by Robert A. Peterson, Esq., 384 Forest Avenue, Suite 12, Laguna Beach, California 92651.

---

[2] In plaintiff's motion, he asks this Court to impose sanctions on defendant for failing to follow this Court's directive at the pre-motion conference to distinguish the cases supporting plaintiff's position, and to impose sanctions based on defendant's inaccurate rendition of the law and facts of *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1323 (11th Cir. 1995). The Court declines to do so.