UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
:
CHRISTOPHER SANTOS,                 :
:
:
     Plaintiff,                     :    ORDER
                                    :    06 Civ. 783 (JFB) (MLO)
          – against –               :
:
MICHAEL D. HECHT,                   :
:
     Defendant.                     :
:
------------------------------------X

JOSEPH F. BIANCO, District Judge:

On July 31, 2006, this Court denied defendant's motion to dismiss and ordered that defendant file an Answer within ten days. On August 17, 2006, plaintiff moved for default judgment because no Answer had been filed. On August 21, 2006, the Clerk of the Court entered a notation of default. On August 22, 2006, counsel for defendant wrote a letter to Magistrate Judge Orenstein, explaining, *inter alia*, that due to a mistake in his office, as well as his vacation, the Answer was prepared, but never filed. Magistrate Judge Orenstein adjourned a previously scheduled discovery conference, and wrote that by the time of the conference, either (1) plaintiff would have accepted the Answer, or (2) defendant would have moved to vacate the default judgment notation. (*See* docket entry 30.) Thereafter, on August 31, 2006, defendant moved to set aside the default judgment, and attached an Answer.

Plaintiff's request for an entry of default judgment is DENIED. Defendant is directed to file and serve an Answer no later than September 8, 2006, and it shall be accepted *nunc pro tunc*. Courts disfavor default judgments, preferring to adjudicate cases on their merits. *See Percasky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001); *Am. Alliance Ins. Co. v. Eagle Ins.*

*Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993); Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default . . . ."). In this case, based upon the representations of defendant's counsel, the failure to timely file an Answer was a mistake, and a default judgment would be a "harsh and unfair result." *Enron*, 10 F.3d at 95-96. This is especially true considering the fact that plaintiff has failed to even allege the he is prejudiced in any way by defendant's untimely filing. (*See* Letter from Ronald L. Israel, dated August 22, 2006.) Plaintiff's counsel concedes that the reason he moved for default judgment is because of defendant's actions in a prior proceeding before the TTAB. (*See id.* "It is based upon the above facts [describing the procedural history of the TTAB proceeding] that Mr. Santos sought entry of default against Mr. Hecht.") Nothing in the case law or the Federal Rules of Civil Procedure entitle a party to default judgment based upon the alleged bad faith of the opposing party in a separate action.

Thus, the motion for default judgment is DENIED, and the Clerk of Court's notation of default is VACATED.

                                                          SO ORDERED.

                                                          JOSEPH F. BIANCO
                                                          UNITED STATES DISTRICT JUDGE

Dated:        September 6, 2006
                Central Islip, NY